UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FRIEDA L. GATEWOOD,

        Petitioner,

        v.

WILLIAM BYINGTON,

        Respondent.

CASE NO. C08-1087RSM

ORDER OF REMAND TO KING COUNTY DISTRICT COURT

This matter is now before the Court for consideration of a Notice of Removal filed by respondent William Byington. It appears that this action was initiated in the King County District Court, South Division, as an *ex parte* application for a temporary protection order, enjoining respondent from contacting or approaching the petitioner. The temporary protection order was granted on July 16, 2008, and the matter is set for a hearing on July 25, 2008. Dkt. # 1. Respondent removed the case to this Court on July 18, 2008. Having *sua sponte* considered the Notice of Removal and the balance of the record, the Court has determined that the action must be remanded to state court.

## LEGAL STANDARD

Respondent purportedly removed this matter to this Court pursuant to 28 U.S.C. § 1441(b), which reads in relevant part, "Any civil action of which the district court has original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable

ORDER OF REMAND - 1

without regard to the citizenship or residence of the parties." The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Prize Frize Inc., v. Matrix Inc.*, 167 F. 3d 1261, 1265 (9th Cir. 1999). If at any time before judgment it appears that this Court lacks subject matter jurisdiction, "the case shall be remanded." 28 U.S.C. § 1447(c). This Court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Insurance Co. v. Waddell & Reed, Inc.*, 360 F.3 3d 960, 967 (9th Cir. 2004). If the Court determines that it lacks jurisdiction, it must remand. *Kelton Arms Condominium Owners Association v. Homestead Insurance Co.*, 346 F. 3d 1190, 1192093 (9th Cir. 2003).

The "complaint" here, actually a Temporary Protection Order and Notice of Hearing, does not invoke federal law in any form, and this Court does not have original jurisdiction over it. Nevertheless, the Notice of Removal asserts that a federal claim is present because "resolution of the proceeding necessarily relies upon interpretation of the union access provisions of the collective bargaining agreement between United Parcel Service and the International Brotherhood of Teamsters Local 174." Notice of Removal, ¶ 4. Respondent thus contends that this Court's jurisdiction is invoked under the Labor Management Relations Act, 29 U.S.C. § 185(a).

The Court cannot accept respondent's argument. Under the long-established "well pleaded complaint" rule, jurisdiction must be determined from the plaintiff's statement of her own claim in the complaint. Here, there is not even a complaint, only a temporary protection order and a notice of hearing. While 29 U.S.C. § 185(a) may in certain circumstances preempt state law in the area of labor relations and thus provide a basis for removal, it does not govern the relations as between these parties, and it cannot be asserted here.

There is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F. 2d 564, 566 (9th Cir. 1992). Any doubts regarding the right to removal must be resolved in favor of remand back to state court. *Matheson v. Progressive Specialty Insurance Company*, 319 F. 3d 1089, 1090 (9th Cir. 2003). Here, the Court can find no basis for federal subject matter jurisdiction on the grounds asserted by respondent. It appears that the case may have been removed in an attempt to avoid the jurisdiction of

ORDER OF REMAND - 2

1 | the state court and the July 25 hearing regarding a possible no-contact or anti-harassment order between
2 | these parties. Such tactics will not be countenanced by this Court.
3 |     Accordingly, this case is hereby and immediately REMANDED to the King County District
4 | Court, South Division at Burien, Cause No. B2-000370. The Clerk shall close this file and send a
5 | certified copy of this Order to the Clerk of Court for the King County District Court.
6 |     DATED this 22 day of July 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER OF REMAND - 3